**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | |
|---|---|
| CARLOS ALFONZO RODRIGUEZ CRUZ,   ) <br>   ) <br>     Petitioner,   ) <br>   ) <br> v.   ) <br>   ) <br> CHRISTOPHER BULLOCK, in his official   ) <br> capacity as Acting Director of the New   ) <br> Orleans Field Office of ICE's Enforcement   ) <br> and Removal Operations Division,   ) <br>   ) <br>     Respondents.   ) | No. 2:26-cv-02440-TLP-atc |

---

**ORDER DIRECTING STATUS UPDATE**

---

Petitioner Carlos Alfonzo Rodriguez Cruz, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitioned for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner received a bond hearing from an Immigration Judge ("IJ") in January 2026, and was granted a $2,500.00 bond. (*Id.*) But Respondent appealed the bond order to the Board of Immigration Appeals ("BIA"). (*Id.*) This appeal automatically stayed the IJ's bond order under 8 C.F.R. § 1003.19(i)(2). (*Id.*) Petitioner alleges that Respondent's appeal was untimely and that his continued detention violates his Fifth Amendment right to due process. (*Id.*)

The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 7.) In early May 2026, Respondent responded, and Petitioner replied. (ECF Nos. 8, 10.) In its appeal to the BIA, Respondent argues that 8 U.S.C. § 1225 governs Petitioner's detention.

(ECF No. 8-4 at PageID 55.)  And that the IJ erred in assuming jurisdiction to hear the appeal under two BIA cases, *Matter of Yajure Hurtado* and *Matter of Q. Li.*  (*Id.*)

But on May 11, 2026, the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion.  *Id.* at 725.  "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at 735.

So it appears that § 1226 governs Petitioner's detention.  And given that the basis for Respondent's BIA appeal is that Respondent is detained under § 1225, the appeal now seems either moot or potentially meritless.  Indeed, the Court has recently set a status conference in a similar habeas case challenging an automatic stay.  *See Angeles Yescas*, No. 26-cv-02433-TLP-tmp (W.D. Tenn.).  After considering *Lopez-Campos*, Respondent withdrew its BIA appeal and the petitioner had already been released before the conference took place.  *See id.* at ECF No. 12.

The Court therefore **DIRECTS** Respondent to provide a status update to the Court.  The update shall include:

(1)    Whether Respondent has withdrawn its BIA appeal;

(2)    If Petitioner is still detained and the basis of his detention is 8 U.S.C. § 1225(b)(2)(A), Respondent shall either distinguish this case from *Lopez-Campos* or state why *Lopez-Campos* otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ;

(3)    And, if Petitioner is no longer detained as in *Angeles Yescas*, the Court will dismiss the Petitioner as moot.

2

Respondent shall provide this update within **seven (7) days** of this Order.

    **SO ORDERED**, this 12th day of June, 2026.

                s/ Thomas L. Parker
                THOMAS L. PARKER
                UNITED STATES DISTRICT JUDGE